Joynes, J.
This is an action of assumpsit against Steptoe & Quarles as partners. At April term 1857, the defendants pleaded jointly that they did not assume upon themselves in manner and form, &e. Issue was joined upon this plea, and the case was tried upon that issue at April term 1859. When the case was called for trial at that term, Steptoe asked leave •of the court to withdraw the plea previously entered (Quarles making no objection), and ,to file in lieu of it, a plea in his own behalf only; assigning as the reason for the application, that the defence relied upon was that the debt which the action was brought to recover, was the individual debt of Quarles, and not the debt •of the partnership; and that Steptoe wished to intro- *6 .¿Luce Quarles as a witness to establish this defence. But Quarles did not confess a judgment, or, as far aS' - appears, offer to do so.
The plea then offered by Steptoe alleged that the “ defendants did not assume upon themselves in manner and form, &c.” — which was precisely the same as the plea on which issue was already joined. The issue upon the plea tendered would have been the same as .that upon the other; namely, whether the defendants did or did not assume upon themselves in the manner and form, &c. The only difference between the pleas was, that in one the averment was made by both of the .defendants, and in the other it was made by Steptoe only. ' ■ :
The court refused to allow the plea tendered by .Steptoe to be substituted for the other, and afterwards refused to allow it to be pleaded as an additional plea. Inasmuch, however, as the issue tendered by the plea offered by Steptoe was precisely the same as that already joined upon the first plea, no injury was done to Steptoe by refusing his application. To have allowed it would only have incumbered the record with two issues in the same words. Fant v. Miller & al. 17 Gratt. 47.
The nest error assigned is, that the court overruled the objection of Steptoe to the reading of Campbell’s deposition; the ground of which was, that it was taken without the commission required by law. The commissioner who took the deposition did not certify that it was taken in pursuance of any, commission. It appeared that a paper not subscribed by the clerk, but otherwise in the usual form of a commission, and wholly in the handwriting of the clerk, was attached to the deposition, being tied to it by a ribbon. This paper, though not subscribed, concluded thus: “Witness, Rowland D. Buford, clerk of our said court, at .the courthouse, on the 19th day of April 1858, in the- *7 82(1 year of the Commonwealth.” It was proved hy the deputy clerk, that he, on the 27th April 1858, received the deposition with the notice and commis- - sion attached to it, as at present. It was proved hy the clerk that this commission was issued and sent hy him in pursuance of an affidavit in the cause, and that his failure to subscribe his name to it was from inadvertence.
In the usual recital at the commencement of the deposition, it is stated by the commissioner to be taken “ on behalf of ¥m. J. Read in a suit depending in the Circuit court of Bedford county, State of Virginia;” but the stylo of the suit is not there given. But the style of the suit is given in a caption which precedes this recital, in which caption are given the names in full of the plaintiff and defendants. It is obvious that this caption was intended to indicate the style of the suit in which the deposition was taken. The questions and answers likewise identify the suit in which the deposition was taken as one in which Read was plaintiff, and Quarles and Steptoe were defendants.
The paper purporting to be a commission was sufficiently authenticated by this evidence, and it sufficiently appeared that the deposition was taken in' pursuance of it. The statute does not require that a commission shall be subscribed by the clerk. Though a subscription by the clerk is usual and proper as a mode of authenticating the paper, its omission, through inadvertence, as in this case, when the paper bears on its face the usual attestation clause denoting its official character and finality, and is in the handwriting of the clerk, cannot be held to invalidate the commission. In Butts v. Blunt, 1 Rand. 255, and Unis & al. v. Charlton’s adm’r, 12 Gratt. 484, cited by the counsel for the plaintiff in error, there was no proof that any commission existed.
*8 It was further objected in the argument here, that the judgment ought to be reversed, because it does - not appear in the record that notice of the time and place of taking the deposition had been given; and Collins v. Lowry & Co., 2 Wash. 75, was cited to sustain the objection. In that case, as-pointed out by counsel in the argument of Jeter v. Taliaferro & al., 4 Munf. 80, the objection taken to the reading of the deposition was a general one, specifying no particular grounds, and the opinion of the court was, that it was inoumbent on the party who offered the deposition to show that he was entitled to read it, by showing that it was regularly taken in all respects. See Tompkins & Co. v. Wiley, 6 Rand. 242; Barker v. Barker’s adm’r, 2 Gratt. 344. But in the present case, the reading of the deposition was objected to on the special ground, and no other, that it was taken without a commission. It would be a surprise upon the plaintiff to allow the objection of want of notice to be made for the first time in this court. Hill & als. v. Bowyer & ux., 18 Gratt. 364.
The remaining error assigned, and the most important, is the refusal of the court to allow Quarles to testify as a witness for Steptoe. The facts are these: After the jury had been sworn, Steptoe offered to introduce Quarles as a witness to prove.that the demand sued for was the individual debt of Quarles, for which Steptoe was not liable. The plaintiff objected. Quarles thereupon offered to withdraw the plea, so far as it related to himself, which the court refused to permit. Leave was then asked for Quarles to acknowledge the plaintiff’s action, to enable him to testify on-behalf of Step-toe; which was likewise refused. Then Steptoe again offered Quarles as a witness; the counsel for the defendant stating that Quarles was making no defence, and that the evidence offered applied to Steptoe alone. The court again refused to allow Quarles to testify.
*9 The first question is, whether Quarles was a competent witness for Steptoe as the cause then stood; that is to say, upon the trial of a joint plea of non-assumpsit by both defendants.
It is a general rule of the common law, that in a joint action upon contract, there can be but one final judgment, which must be either for or against all the defendants. And the rule is the same whether the contract on which the action is founded is joint or joint and several, or whether the action is founded on several and distinct contracts, as in a joint action under the statute against the maker and endorser of a note. Taylor v. Beck, 3 Rand. 316. This general rule does not apply where the plea of one of the defendants admits the contract alleged, and sets up his discharge by matter subsequent; as bankruptcy. Nor does it apply where one of the defendants alleges that he is not bound to perform his contract by reason of personal disability at the time it was entered into; as infancy. And these exceptions to the general rule apply equally, whether the contract sued upon is joint or joint and several. Cole v. Pennel & al., 2 Rand. 174; Woodward v. Newhall, 1 Pick. R. 500; Minor v. Mech. Bank of Alexandria, 1 Peters’ U. S. R. 46.
But an exception to the'general rule is not allowed where the defence, though personal to one of the defendants, involves a denial of the making of the contract on which the action is founded. 3 Rand. 334, per Green, J. So that in an action against several defendants upon a joint or joint and several contract, if it appear from the proof that one of the defendants was not a party to the contract, though all the other defendants were parties to it, judgment will be rendered in favor of all the defendants. Rohr v. Davis & al., 9 Leigh 30; Baber v. Cook & al., 11 Leigh 606; Munford v. Overseers, &c., 2 Rand. 313.
Upon the principles of the common law, therefore, *10 Quarles could not have been a witness for Steptoe, to prove that he was no party to the contract; for there could have been at common law but one final judgment in the action, and Quarles could have said nothing in favor of Steptoe, that would not have enured equally to his own benefit. If Steptoe defeated the action, on the ground that Quarles alone made the contract, judgment would go for Quarles, as well as for him.
But it is provided by the Code, ch. 177, § 19, that “in an action founded on contract against two or more defendants, although the plaintiff may be barred as to one or more of them, yet he may have judgment against any other or others of the defendants against whom he would have been entitled to recover if he had sued them only.” It is contended that under this provision, Quarles was not incompetent as a witness for his co-defendant, as he would have been at common law.
The construction of this provision of the Code has not been settled by this court. It would seem, however, to be clear that it applies only to cases in which some of the defendants are discharged upon grounds of defence merely personal, and that where the ground of defence goes to the foundation of the entire contract, the case remains as at common law. The section, in terms, only applies to cases in which the plaintiff shows a cause of action against some of the defendants, upon which he would have been entitled, to recover in case he had sued them only, and there could be no such recovery in any case where there is a defence going to the foundation of the entire contract. Such is the construction placed by the courts of other States upon statutes similar to ours. Blodget v. Morris, 14 N. York R. 482; Hubbell v. Woolf, 15 Indi. R. 204. And this construction is sustained by the decision of this court in Brown’s adm’r v. Johnson, 18 Gratt. 644, *11 where it was held that the statute which gives an action against the representative of a deceased joint obligor, in the same manner as if those bound jointly - had been bound severally as well as jointly, does not affect the principle of the common law, that the defeat of the remedy against one joint obligor, upon a ground not personal to himself, defeats it as to all the obligors.
Under the plea of non-assumpsit it was competent to the defendants to defeat the action upon grounds going to the foundation of the entire contract. Thus, it might be shown that no such contract was made by any of the defendants; that it was void for illegality or usury; that there was a want or a failure of consideration; or that the contract had been discharged by payment or release. 5 Rob. Pract. 255. Quarles would have been incompetent to prove any such defence for Steptoe, because if the defence was sustained, the judgment would have been for both defendants. It is no answer to say that Quarles was not offered as a witness to prove any such defence, but only to prove that Steptoe was not a party to the contract, which was a defence personal' to Steptoe. In Hawkesworth v. Showler and Boyce, 12 Mees. & Welsh. 45, the action was trespass for wrongfully taking the plaintiff’s goods under a distress for rent. The case having been clearly proved against the defendant Boyce, who was the broker employed to make the distress, the other defendant, Showier, for the purpose of showing that he had not authorized the taking of the goods by Boyce, offered the wife of Boyce as a witness. Lord Abinger, O. B., rejected the witness; and the Court of Exchequer sustained his judgment. Lord Abinger said: “I grn clearly of opinion that this motion ought not to be granted. It is opposed to every principle of law. It is the first attempt which, after a very long experience, I ever remember to have heard *12 made, to endeavor to make a party to the record and a party to the issue, a witness in the cause. Hothing ■ is clearer than this — that a person cannot be a witness who is a party to the record, and affected by the determination of the issue, and that the wife of such a person is equally incapable of being a witness. I take both propositions to be identical.” * * * “But it is said she is only required to be examined as a witness on a particular point, which would not prejudice or affect her husband. But I deny the proposition that a witness is competent to give evidence for one purpose only. If a witness is competent at all, he may be examined upon every matter upon the record. I remember at one time it was thought that an objection could be made to a witness with reference to the particular kind of question to be put to him; but that notion is long since exploded; and now a witness is considered competent or incompetent upon the general ground of exclusion of his interest one way or other. "When once a witness is sworn, he is not sworn to answer particular questions, but to give evidence on all the matters in dispute between the parties.” The other Barons expressed themselves to the same effect. •
Gerrish v. Cummings, 4 Cush. R. 391, was an action of trover against two defendants for the conversion of a horse hired to them. One of the defendants suffered judgment by default, and upon the trial he was called by the other defendant as a witness for him. He was rejected, and the Supreme court held the rejection to be right, because the jury had to assess damages against the defaulted defendant. It was then proposed to examine the defaulted defendant as to the hiring only, to prove that he was himself the only party to the contract, without any reference to the question of damages. This was refused, and the Supreme court sustained the decision. That court said that the witness, if admissible at all, would be liable to be exam *13 ined upon all questions pertinent to the issue; that his competency depended on his interest in the event of the cause, and not on the particular question to which the party calling him might choose to examine him. See also Chase v. Lovering, 7 Foster R. 295; Fulton Bank v. Stafford, 2 Wend. R. 483; Merrill v. Inhab. of Berkshire, 11 Pick. R. 269; Seip v. Storch, 52 Penn. R. 210.
If, therefore, Quarles had been put upon the stand as a witness, there was nothing to prevent his giving evidence to establish a defence going to the foundation of the entire contract, though called only for the special purpose of proving that Steptoe was no party to the contract. The offer of Quarles to withdraw his plea, and to acknowledge the plaintiff's action, did not alter the case. For upon proof by Steptoe of any ground of defence going to the foundation of the entire contract, final judgment must have been given for both defendants, notwithstanding the confession of judgment by Quarles. Quarles would, therefore, have been equally incompetent if he had confessed a judgment. Taylor v. Beck, 3 Rand. 316.
The result is, that the court did not err in excluding Quarles as a witness, or in refusing to allow him to confess a judgment as proposed, and that the judgment should be affirmed.
The other judges concurred in the opinion of JOYNES, J.
Judgment arrirmed.