Staples, J.
This is an appeal from a decree of the Circuit court of Rockingham county, in a cause wherein the appellees were complainants, and the appellant was-defendant. This decree having been rendered on a bill taken for confessed, the defendant, in vacation, moved the judge of said court to reverse the same, and to make* such order in the case as might be deemed just and proper, The notice of this motion was not served upon either of the parties plaintiff, but upon the counsel in the cause. It did not specify the errors complained of, nor in any manner disclose the character of the decree the defendant desired. Although the motion was overruled upon the ground there was no error apparent on the record, the judge of the Circuit court might properly have refused to entertain the application, upon the ground the notice was not served upon the proper parties, or was too vague and indefinite to warrant the interposition of the court either in reversing or amending the decree.
And this court might now dismiss the appeal as im *268 providently allowed, for the reason that no proper motion was ma<3a and overruled by the court below ; but inasmu°h as the parties have submitted the case upon its merits, and a decision here will terminate a protracted controversy, it is deemed most advisable to decide the various questions presented by the record.
The first ground of error assigned is, that the plaintiff in the original bill showing no interest in the subject matter of the suit, could not sue at all; and this defect could not be cured by filing an amended bill in the name of other parties. It is stated in the original bill that the plaintiff placed in the hands of the defendant for collection the various debts which constituted the matter in controversy ; that the defendant had collected a large portion of them, to what extent was not known ; that the defendant had failed to render any account of his transactions, although repeatedly required so to do by complainant. The court might justly presume from these averments taken as confessed, that the plaintiff was individually interested in these debts; and such presumption would not be repelled because complainant describes himself as “ Secretary of the Baltimore Agricultural Aid Society.”
It is averred in the amended bill, that the plaintiff Sangston is a member of this society, and that the said debts were due to the members of said society : which averment must also be taken as true. According to the well settled rules of equity pleading, if the fact of the plaintiff* having no interest appears on the face of the hill, advantage should be taken of it by demurrer. If it does not appear on the bill, the proper mode of making the objection is by plea: and it may be made even at the hearing. If, however, the cause proceeds to a hearing without such objection, and it appears in any part of the record that the plaintiff* is interested in the subject matter of the suit, certainly an appellate court would not- *269 reverse the decree because such interest is not stated in the bill.
It is insisted, however, that an amended bill cannot be filed in the name of parties plaintiff not mentioned in the original bill. It is the constant practice of the courts of chancery to allow amendments of bills by the introduction of new plaintiffs, where the purposes of justice require it. In Maughan v. Blacke, 3 Ch. Appeal Cases, 32, leave was given at the hearing to amend, not only by adding the true parties as co-plaintiffs, but by inserting allegations to show that the first plaintiff had a beneficial interest in the debt which was the foundation of the suit. And in Sillings & als. v. Bumgardner, 9 Gratt. 273, this court held, that, although a suit could not be maintained by a plaintiff having no interest, and in such case the objection could not be removed by the introduction of other parties having interests, yet, if it appears that the plaintiff has an interest, though in a different character from that in which he sues, the descriptive words may be stricken out, and the suit may proceed in his name, and that of his co-plaintiffs brought before the court by an amended bill. It would seem that these authorities are decisive of this question.
Another ground of error is, that the plaintiffs have a plain and adequate remedy at law, by action of assumpsit : and there is not the slightest pretext for resorting to an equitable forum. The jurisdiction of courts of equity in matters of account involving the transactions and dealings of trustees and agents, is now well established. Not that the bare relation of principal and agent justifies the interference of the court in every case; but wherever it appears that a discovery is necessary, or there are mutual accounts between the parties, or the remedy at law is not plain, simple and free from difficulty, the equitable jurisdiction attaches. In Hemings v. Pugh, 9 Jur. N. S. 1124, it was held, that if the defendant, as agent, has received sums of money for the plaintiff, the *270 particulars and amount of which are unknown, a bill praying discovery and account will be maintained. In Berkshire v. Evans, 4 Leigh, 223, a bill was filed on the part of the members of a private unchartered company, carrying on the business of a bank, against their agent and cashier, charging that he had appropriated part of the funds, and praying an account of the agency : and the jurisdiction of the court was distinctly recognized and affirmed. In the present case, it is alleged that the members of the society are too numerous to sue in their own names, numbering from four to five hundred. In an action at law all these members must have joined as plaintiffs. The difficulties in the way of properly ascertaining their names, and of carrying on the suit, when so ascertained, are too palpable to require argument or illustration. The practice, however, in courts of equity, of permitting one or more persons to represent, in one suit, all who have a community of interest, removes these difficulties, and enables the court, in the present case, speedily to adjudicate the rights of the parties, without the slightest danger of injustice.
Another ground of error assigned is, that the court rendered its decree upon depositions taken and a commissioner’s report made without notice to the defendant; and which does not appear to have been returned to the court thirty days before the term at which the decree was rendered. It is stated in the record, that the depositions were taken pursuant to notice ; and there is nothing to show to the contrary. It also appears that the defendant was apprised of the taking of the account; at least it is to be so inferred, as he seems to have claimed his commissions before the commissioner charged with the settlement of the account; and he also surrendered certain .bonds which he claimed not to have collected. The report was completed on the 10th of April 1869, and the decree was rendered on the 22d of October thereafter. It is therefore to be presumed, in the *271 absence of evidence showing otherwise, that the report and account were returned and acted on according to the requirements of the statute. But whatever force there might have been in these objections if urged in the court below, no rule is better established than that they cannot be successfully made' for the first time in this court. See Steptoe v. Read, 19 Gratt. 1; Hill & als. v. Bowyer & als. 18 Gratt. 364.
Another ground of error assigned is, that the defendant is improperly charged with thirty-seven hundred dollars, part of the Brock and Laymon bond, because there was no satisfactory proof of the payment of that sum. The objection is founded on a misapprehension of the testimony. The obligor, Brock, expressly states that about $3,700 of the bond were paid to the defendant, and he was ready at any time to pay the balance due. The defendant surrendered other bonds and evidences of debt as uncollected ; if the charge was improper, it was easy to have surrendered this one also, and thus show the amount uncollected.
The last and only remaining assignment of error is, that the bill shows upon its face that the defendant had no power to fill the blanks in the bonds or notes with the name of the payee ; and that said power alone vested in Sangston, and it had not been exercised by him. I cannot see the force of this objection. The defendant is only charged with the sum of $4,378, the amount actually collected, exclusive of the credits to which he was entitled. Having received the money of the plaintiffs, he is bound to account for it; and it cannot be a matter of the slightest importance whether he did or did not have the power to fill the blanks in the bonds ; nor can he be heard to say that the transaction for that reason did not constitute an agency.
I have thus noticed the various objections suggested to the proceedings and decree of the Circuit court. Many of them would have been wholly unavailing if *272 urged in that court. Others might have been readily obviated, if there made; and, consequently, cannot be considered by this court. It can make no difference that the decree is by default. The defendant can derive advantage from his own contumacy and neglect in failing to appear and take care of his interests. Being admonished of the institution of the suit by the service of process, it was his duty to appear and defend it. I do not mean to assert that the defendant cannot take advantage of palpable errors apparent on the face of the ■ proceedings : It is clear that he may, notwithstanding his failure to appear. It is equally clear, that if the averments contained in the bill are not distinct and positive, the plaintiff is required to establish his demand by satisfactory evidence. Should he fail to furnish such evidence, the defendant may avail himself of the objection in an appellate court, notwithstanding the bill has been taken for confessed.
In this case it is true the bill contained no specific allegations as to the amount collected by the defendant; but an account was taken; the certainty requisite to a proper decree was afforded by the proofs; and the defendant rendered liable for the amount ascertained to be due. In any aspect of the case, it does not appear that any injustice has been done him. Bor these reasons, I am of opinion the decree should be affirmed.
The other judges concurred in the opinion of Staples, J.
Decree affirmed.