# WHEELING.

## SAYRE v. EDWARDS.

Submitted January 16, 1882. Decided April 8, 1882.

1. It is a general rule in pleading, that whatever facts are necessary to constitute the cause of action, must be directly and positively stated in the declaration; but an exception to this general rule is, that if in an action in assumpsit the cause of action is alleged by way of recital, and the declaration concludes, "and whereas the defendant promised to pay the said lien," &c., it is good upon general demurrer.

2. Where a special count in assumpsit alleges as the gist of the action, that money was by the plaintiff paid to defendant with the agreement at the time made, that if the plaintiff failed to recover the land in another suit, which land was the consideration for the payment of the money. in such event the money should be repaid, it is only necessary, that so much of the record in said suit should be produced on the trial, as was necessary to establish the facts alleged.

3. In such a case where the declaration alleges, that the judgment in said other suit was rendered on the 30th of May, 1870, a copy of such judgment in such suit purporting to have been rendered on the 31st day of May, 1870, is admissible as evidence, it being also in evidence from the record, that the verdict, on which the judgment was entered, was rendered on the 30th day of May, 1870.

4. An agent may pledge his own liability ; and in such case the promise is founded upon a sufficient consideration, and the agent is personally liable.

5. A pledge or promise so made is not an obligation to pay the debt of another, but an obligation, which the agent assumed for a consideration, and it is not within the statute of frauds.

Writ of error and *supersedeas* to a judgment of the circuit court of the county of Kanawha rendered on the 11th day of June, 1880, in an action in said court then pending, wherein Mark G. Sayre was plaintiff, and William H. Edwards was the defendant, allowed upon the petition of said Edwards.

Hon. Joseph Smith, judge of the seventh judicial circuit, rendered the judgment complained of.

The facts of the case are fully stated in the opinion of the court.

*William A. Quarrier* and *Smith & Knight* for plaintiff in error cited 4 W. Va. 727 ; 10 W. Va. 520.

*S. A. Miller* and *E. W. Wilson* for defendant in error.

JOHNSON, PRESIDENT, announced the opinion of the Court :

In June, 1875, at rules in the circuit court of Kanawha county the plaintiff, Mark G. Sayre, filed his declaration in assumpsit against the defendant, W. H. Edwards. The declaration contains the common counts, also a special count. The special count in substance is, that the plaintiff on the 27th day of April, 1867, purchased from one Smith two tracts of

land in Mason county, West Virginia; that afterwards on the
— day of —— the defendant claiming to act as the attorney in
fact for the devisees of one Jonas M. Edwards, then deceased,
claimed the said land as the property of the said devisees
and instituted in their name a suit in the circuit court of
Mason county against Neely Greenlee *et al.* involving the title
to said land and for the recovery of the same; that the plain-
tiff desiring to retain the land purchased by him as aforesaid
received a deed of conveyance from the said devisees, exe-
cuted by said defendant as their attorney in fact on the 1st
day of May, 1867, and then paid to the said defendant the
sum of $150.00, *the said defendant before the payment of said
sum promising and agreeing to and with the plaintiff to return
and refund the same and be personally responsible and liable to
the plaintiff therefor,* in the event the said suit of the defend-
ant against the said Greenlee *et al.* should be decided in favor
of the said Greenlee *et al.* The plaintiff now in fact says,
that on the 30th day of May, 1870, judgment was rendered
in said circuit court in said suit in favor of said defend-
ants Greenlee *et al.* and against the said defendant W. H.
Edwards; " and the said defendant afterwards, to-wit:
on the day and year aforesaid, in consideration of the premi-
ses respectively, then and there promised the plaintiff to pay
him," &c.

To the declaration and each count the defendant demurred,
which demurrer the court overruled, and the defendant pleaded
*non-assumpsit.*

The case was tried by a jury; and a verdict was rendered
for the plaintiff for $268.00 principal and interest; which
verdict the defendant moved the court to set aside. The
motion was overruled; and judgment was entered upon the
verdict. Two bills of exceptions were signed by the court.
The first sets out all the evidence; and the exception is to the
rulings of the court in admitting in evidence a deed from
Nathan Smith to the plaintiff, Sayre, and a deed from W. W.
Edwards and others to the plaintiff and to the reading of the
depositions of Sayre, Kimberley and Fenimore, and to the
admission of the certified copy of the verdict and judgment
in the circuit court of Mason county in the case of *W. W.
Edwards, &c.* v. *Greenlee et als.,* and in overruling the motion

to set aside the verdict and grant a new trial in the case. The second bill of exceptions is to the giving of the instructions for the plaintiff and refusing those asked by the defendant.

The plaintiff in error here insists, that the court erred in overruling the demurrer to the declaration, because first, the promise, which is the gist of the action, is not positively alleged in the special count, but only recited. This question has, as far as a declaration in *assumpsit* is concerned, been expressly decided by this Court. In *Burton & Co.* v. *Hansford et al.*, 10 W. Va. 470, it was held, that it is a general rule in pleading, that whatever facts are necessary to constitute the cause of action must be distinctly and plainly stated in the declaration ; but a general *indebitatus assumpsit* count in a declaration, concluding "and whereas defendants afterwards, to wit, on the day and year aforesaid, in consideration of the premises, then and there promised to pay, &c.," was good on general demurrer. For the reasons stated in that case there being the same recital in the declaration here, as is there quoted in the syllabus, in addition to the recital complained of as insufficient, "the said defendant before the payment of said sum promising and agreeing to and with the plaintiff to return and refund the same, and to be personally responsible and liable to the plaintiff therefor, &c.," we think, that such objection is not fatal to the said special count.

It is also alleged as ground for demurrer to said special count, that the condition precedent, upon which the right to recover is predicated, as alleged, is uncertain, confused and impossible. It seems to me, that there is nothing in this objection. The condition precedent is the failure of the plaintiffs to recover in the ejectment suit in Mason county; and it seems to me, that that suit is described with sufficient certainty, as also the declaration, that the plaintiffs there failed to recover. It is alleged, that the court erred in admitting the copy of the verdict and judgment in the Mason county suit without requiring the whole record to be produced. All that is necessary in a case like this is to produce so much of the record, as is sufficient to establish the fact in question. *White* v. *Clay's ex'rs*, 7 Leigh 68; *Dickinson* v. *R. R. Co.*, 7 W. Va. 413–414. What was the fact in question here, as far as the record is concerned? The pending of such a suit, as

was described in the declaration, and the decision of that suit against the claims of the plaintiff. This much of the record was produced, and that was all that it was necessary for the plaintiff to introduce. If the defendant could show, that it was not the suit described, or that the verdict and judgment had been set aside, he was at liberty to introduce such other portion of the record, as would show this.

It is further objected, that the record was inadmissible, because the declaration alleged, that the judgment in the Mason county suit was rendered on the 30th day of May, 1870, and the record produced showed, that it was rendered on the 31st day of May, 1870. There is nothing in this objection. The date was not material. The question was, whether such a judgment had been rendered in such a suit, not when it was rendered. The judgment in the Mason county suit was not declared on. It is also objected, that the said record was inadmissible, because the declaration describes a judgment rendered against the defendant, Wm. H. Edwards, in a suit of the *Devisees of Josiah Edwards* v. *Neely Greenlee et al.*, while the judgment offered in evidence is in a suit of *W. H. Edwards* v. *Neely Greenlee et al.* This statement is incorrect. The declaration alleges, that W. H. Edwards was attorney in fact for the devisees of Jonas Edwards, and that he in the name of said devisees instituted a suit in the circuit court of Mason county against Neely Greenlee *et al.*, involving the title to the said land and for the recovery of the same. The title of the case in the copy of the judgment objected to is *W. H. Edwards, &c.*, v. *Neely Geeenlee &c.* It is evident to my mind, that it is the same case described in the declaration, and the copy was properly admitted.

It is also insisted, that the court erred in permitting the depositions of the plaintiffs Kimberley and Fenimore to be read to the jury. I see no objection to the admission, as the depositions tend to prove the contract set up in the declaration. This question will be further considered when we discuss the instructions. It is also claimed, that the court erred in admitting in evidence the deeds before referred to. I can see no objection to this admission. They tend to corroborate the verbal testimony of the plaintiff and show his motive for making the contract with Edwards, which he claims he made.

It is claimed, that the court erred in giving the instructions asked by the plaintiff and in refusing those asked by defendant. The first instruction given is, that if the jury believe, that the allegation of the special count is proved, they must find for the plaintiff. It is objected, that the instruction is too general and was in effect saying to the jury, that the count was good and presented a cause of action. It is liable to objection because of its generality, but we cannot say it prejudiced the defendant.

The second instruction is: "If the jury believe from the evidence, that the contract or promise set out in the special count in the declaration, in which it is alleged, that the defendant agreed to refund the $150.00 in the event the ejectment-suit of *Edwards et al.* v. *Greenlee et al.*, was decided against plaintiffs in said suit, and that said contract or promise was a separate, distinct and independent contract; and if they further believe, that said suit was decided against the plaintiff, and judgment was rendered in said suit for the defendants before the institution of this suit, and the money paid upon said contract, in said event the jury should find for the plaintiff." I can see no objection to this instruction under the proof in this case. If it was the separate individual contract of Edwards to pay back the money in a certain event, and upon such contract or promise the money was paid to him, and the event or contingency afterwards happened, I see no reason, why the money should not be refunded.

The third instruction is, that "if the jury believe from the evidence, that the contract alleged in the special count in the declaration contained was a separate, independent and distinct contract between plaintiff and defendant in this suit from that contained in the documentary evidence, then such documentary evidence should have no effect as evidence in this action." The documentary evidence referred to in the instruction is the contract made by W. H. Edwards as attorney in fact of the devisees of Jonas Edwards on the 27th day of April, 1867, for the consideration of $150.00 to be paid on the 1st day of May, 1867, to convey certain land therein specified, and the deed made with a condition, that if the money was not paid on that day, the contract was void on the said 1st day of May, 1867. The proof shows, that before the

money was paid on the 1st day of May, 1867, and before the deed was made, and before the plaintiff would pay it, W. H. Edwards promised, that he would individually pay back the money, if the suit in Mason county should be decided against the devisees of Jonas Edwards, the parties for whom he was acting. Sayre had bought the property of Nathan Smith, and the devisees of Jonas Edwards were trying to have the title to the land decided in their favor, and Sayre wanted to quiet his title and was willing then to agree to pay and pay in advance to Edwards $150.00, on condition that he would pay back to him the said money, if the suit in Mason county failed, and the claimants had no right to the land. Edwards agreed to this and accepted the money on the condition named. If this was true, then the contract and deed could not affect the right of the plaintiff on the separate contract to recover back the money paid to Edwards. I think therefore the instruction was not to the prejudice of the defendant, although the documentary evidence properly went to the jury in explanation of the transaction.

The first instruction refused is as follows: " If the jury believe from the evidence, that the defendant did promise to refund the money paid by plaintiff to him for the purchase of the land mentioned in the declaration, and to become personally liable therefor, in case the suit in ejectment mentioned in the declaration should be decided against the devisees of Jonas Edwards; and if the jury further believe from the evidence, that said promise was not made until after the execution and delivery of the agreement between the plaintiff and the devisees of Jonas Edwards of April 27, 1867, read in evidence, then there was no consideration for such promise, and the jury should find for the defendant." An agent is personally liable, where he pledges his own liability. 1 Par. Con. 14 and cases cited; Story's Agency § 269. It was competent for Edwards in order to induce Sayre on the 1st day of May, 1867, to pay the $150.00 and take the deed, to make a personal contract in his own name to pay back the money, in the event it turned out, that the devisees of Jonas Edwards had no title to the land; and it cannot be said, that there was no consideration for such a promise. Sayre had not paid the money, and would not pay it until the inducement of repayment in a certain

contingency was offered by Edwards. Upon this assurance the money was paid ; and Edwards received it and could hold it, until he could know, whether it would have to be refunded or not, and in the meantime had the use of the money. The instruction was clearly erroneous.

The second instruction refused was: "Under the circumstances supposed in the first instruction the promise was to pay the debt of another and within the statute of frauds not being in writing." This is incorrect, because it was not to pay the debt of another, but to pay an obligation, which he had individually assumed, that is, to pay his own debt.

The third instruction refused is substantially the same as the first, and was properly refused for reasons already stated.

The only remaining question is : Did the court err in refusing to set aside the verdict and grant a new trial ? We think not. The verdict was fully sustained by the evidence.

The judgment of the circuit court is affirmed with costs and damages according to law.

JUDGES HAYMOND AND GREEN CONCURRED, except that Judge Green was of opinion, that the judgment in the ejectment suit was on its face too indefinite to identify it as the judgment mentioned in the declaration, and it ought therefore to have been excluded from the jury.

JUDGMENT AFFIRMED.