## Wytheville.

### GIBSON v. BEVERIDGE.

#### JUNE 14th, 1894.

1. APPELLATE COURT—*Exceptions—Review.*—Where trial court refuses plaintiff leave to amend his declaration, and no exceptions to the ruling are taken before verdict, this court will not review such action of the trial court.
2. COMMON LAW PRACTICE—*Joint action—Dismissal as to one.*—Where in action against two who file joint plea of *non assumpsit,* and plaintiff has the action dismissed as to one, and asks leave to amend his declaration as to the other, and there is nothing to show that the defence relied on was personal to the former: *held,* no error to refuse such leave.
3. CONSTRUCTION OF STATUTES.—Code, § 3295, has no application to the case at bar.

Argued at Richmond.　　Decided at Wytheville.

Error to judgment of circuit court of the city of Richmond, rendered November 25, 1891, in an action of trespass on the case in *assumpsit,* wherein Richard Gibson was plaintiff, and William H. Beveridge and Giles B. Jackson were defendants. Opinion states the case.

*George Wayne Anderson* and *S. S. P. Patterson,* for plaintiff in error.

*Shield & Newton,* for defendant in error.

LEWIS, P., delivered the opinion of the court.

The plaintiff in error brought an action of trespass on the case in *assumpsit* against William H. Beveridge and Giles B. Jackson for an alleged breach of contract on the part of the defendants as his retained counsel in a criminal prosecution. The defendants jointly pleaded *non assumpsit;* and at a subsequent term, on motion of the plaintiff, it was "ordered that the suit be dismissed as to the defendant, Jackson." A jury was thereupon called, and a verdict rendered for the defendant, Beveridge. The plaintiff then moved for a new trial, on the ground that after the suit had been dismissed as to Jackson, the court refused to allow the plaintiff to amend the declaration by inserting an additional count against Beveridge alone, wherein, as appears from the bill of exceptions, the cause of action was stated somewhat more fully than in the original declaration, but the motion was overruled, and judgment entered on the verdict.

No exception appears to have been taken before the verdict to the action of the court in refusing leave to amend the declaration, and apart from this, we are of opinion that there is no error in the judgment of which the plaintiff can complain.

It is a general rule of the common law that in an action against several defendants upon contract, judgment must be either for or against all the defendants; and the rule is the same whether the contract is joint or joint and several. 1 Rob. (old) Pr., 400; *Steptoe* v. *Read*, 19 Gratt., 1; *Moffett* v. *Bickle*, 21 *Id.*, 280; *Muse* v. *Farmers' Bank*, 27 *Id.*, 252.

This rule, it is true, has been modified by our statute, which provides that "in an action founded on contract against two or more defendants, although the plaintiff may be barred as to one or more of them, yet he may have judgment against any other or others of the defendants against whom he would have been entitled to recover if he had sued them only." Code, sec. 3395. But this statute has no application to the present case, because here the only plea that was filed was a joint plea of *non assumpsit*, and there is nothing in the record (the material

portions of which have been already stated) which shows expressly, or from which it can be inferred, that the defence relied on was merely personal to Jackson, and did not concern his co-defendant. So that, for aught the record shows, the plaintiff was not entitled to proceed in the present action against Beveridge after the suit was dismissed as to Jackson, and hence there is no error in the record to his prejudice.

The judgment is, therefore, affirmed.

JUDGMENT AFFIRMED.