# CHARLESTON.

### Scott v. Newell *et al.*

Submitted June 5, 1909. Decided April 4, 1911.

1. Motions—*Orders—Nunc Pro Tunc Entry.*

   When the trial court decides a motion, or preliminary question, in the trial of an action, and the clerk fails to enter the decision on the record, and there exists sufficient minute thereof, the court may at a subsequent term enter a *nunc pro tunc* order to conform to its previous decision. (p. 119).

2. Appeal and Error—*Effect of Appeal—Nunc Pro Tunc Orders— Supplementing Record.*

   Such *nunc pro tunc* order may be made by the trial court, notwithstanding the pendency of the case in this Court on writ of error, and when such order is for the purpose of recording a decision made by the court prior to the granting of the writ of error, it can be used to supplement the record in this Court (p. 120).

3. Parties—*Designation—Capacity.*

   In order to determine in what capacity a party sues, or is sued, reference must be had to the nature and substance of the averments in the declaration; and a declaration which names certain persons as defendants, describing them as "Trustees of the First Presbyterian Church of Chester, W. Va.," and which contains no averments to show that they are sued in their official capacity, is a declaration against them person-

ally. Such words are only descriptive of the person sued, and not of the character in which they are sued. (p. 120).

4. APPEAL AND ERROR—*Review—Showing Error.*
    The presumption of law is in favor of the correctness of the judgment of the lower court, and this Court will not reverse unless error affirmatively appears by the record. (p. 120).

5. SAME—*Record—Evidence.*
    If the evidence is not made a part of the record this Court will not reverse the judgment of the trial court setting aside the verdict of a jury and entering judgment for the defendants, on the trial of issues properly made by the pleadings; but will presume that the court was justified in doing so. (p. 123).

(BRANNON, JUDGE, absent.)

Error to Circuit Court, Hancock County.

Action by Alpheus Scott against John E. Newell and others. Judgment for defendants, and plaintiff brings error.

*Affirmed.*

*O. S. Marshall* and *John Marshall,* for plaintiff in error.

*E. A. Hart,* for defendant in error.

WILLIAMS, PRESIDENT:

This is an action of *assumpsit* against John Newell, and five others. The declaration describes them as, "Trustees, of the First Presbyterian Church of Chester, W. Va.," and contains the common counts only. Defendants pleaded *non-assumpsit* and set-off, to which pleas plaintiff replied generally. On the issues thus joined a jury, on the 3rd of July, 1907, found in favor of the plaintiff the sum of $200. Defendants immediately moved the court to set aside the verdict and grant them a new trial; and the court took the motion under consideration until a future term. On the 26th of August, 1907, an order was entered which shows that defendant's motion to set aside the verdict was then argued by counsel, and the court took further time to consider it. On the 30th of April, 1908, the parties again appeared, by their attorneys, and the defendants then moved the court to enter final judgment against the plaintiff, "on the grounds that no action can be maintained by the plaintiff against these defendants on the cause of action contained in and set forth in the

plaintiff's declaration and bill of particulars filed herein." The court sustained this motion, and entered a judgment of *nil capial,* and for costs against the plaintiff, who excepted and obtained a writ of error from this Court on the 28th of May, 1908. After the writ of error was awarded the trial court entered a *nunc pro tunc* order, to have effect as if entered at the March term, 1908, setting aside the verdict, and granting defendants a new trial. A copy of this order, supplementing the record, was tendered in this Court by defendants on the 5th of June, 1909, and plaintiff objected to its being filed. The order recites that the court had in fact sustained the motion at the March term, but had failed to make a record of its ruling. There is no question that the court had power to enter such a *nunc pro tunc* order, to show what had actually been done at a former term. *Vance* v. *Railway Co.,* 53 W. Va. 338; *Ninde* v. *Clark,* 62 Mich. 124, (4 Am. St. Rep. 823, and cases cited in note); *Powers* v. *Carter Coal & Iron Co.,* 100 Va. 450. The *nunc pro tunc* order being properly entered, it is proper to supplement the record in this Court with it, even though it was entered in the court below after the writ of error was granted. It relates back to the time when it should have been entered, and is to be given the same effect, as between the parties to the action, as if entered at that time. *Gauley Coal Land Ass'n.* v. *Spies,* 61 W. Va. 19, and cases cited in opinion at page 23. Consequently, the record thus supplemented now stands as if the order had been entered at the March term, 1908, setting aside the verdict and granting defendants a new trial.

There is no bill of exceptions making the evidence a part of the record, and nothing in the record by which we can judge whether, or not, the court erred in setting aside the verdict. There are many reasons, good in law, for which it might have done so; and, it not appearing that the court did wrong in this particular we must assume that it did right. Error should affirmatively appear. *Griffith* v. *Corrothers,* 42 W. Va. 59; *Nat'l Cash Reg. Co.* v. *Union Bargain House,* 55 W. Va. 489.

Was the court justified in rendering final judgment in favor of the defendants? The declaration consists of the common counts in *assumpsit;* no special contract is alleged; the promise declared on is joint, not joint and several; defendants pleaded the general issue and set-off, and also filed an account of their

set-off, and gave written notice that they would demand recoupment of damages; and issues were joined on the pleas. The record does not disclose the court's reason for rendering final judgment for defendants, but it appears from a written opinion delivered by the judge, which is incorporated in brief of counsel for defendants, that he did so because defendants are sued as trustees of church property, and the court has no power to render a judgment that will bind church property; and that, therefore; a judgment could not be rendered against defendants in their official capacity. But we see no reason why a personal judgment may not be rendered against defendants on the case stated in the declaration, if proven. The use of the words, "Trustees of the First Presbyterian Church of Chester; W. Va.," following defendants' names in the declaration, does not prevent the rendition of a personal judgment. Notwithstanding defendants may not be authorized in law to make a contract binding on the church property, a question which we do not decide, nevertheless, they may have made themselves personally liable to plaintiff on promises, either express or implied, in respect to work done by him on the church building of which they were trustees. A trustee or agent who has not the power to bind the trust estate, or his principal, by contract, may, nevertheless, make such a contract in his representative capacity, as will bind him personally. 28 A. & E. E. L. (2nd ed.) 1074; *Poindexter* v. *Burwell,* 82 Va. 507; *Heth* v. *Railroad Co.,* 4 Grat. 482; *Bank* v. *County,* 28 W. Va. 273; *Johnson* v. *Welch,* 42 W. Va. 18; *Sayre* v. *Edwards,* 19 W. Va. 352; *Rosendorf* v. *Poling,* 48 W. Va. 621; *Cobb* v. *Glenn Boom & Lumber Co.,* 57 W. Va. 49.

The declaration does not aver that the promises were made by defendants in their official capacity; and the descriptive words, "Trustees," etc., following their names in the declaration are not, of themselves, sufficient to determine the question whether they have been sued in their official capacity. These words may have been used only for the purpose of more particularly identifying defendants, simply as *descriptio personarum,* and not as indicating the capacity in which they were sued. *Thompson & Lively* v. *Mann,* 53 W. Va. 432; *Rich* v. *Soules, Adm'r &c.,* 64 Vt. 408, 15 L. R. A. 850; *Rand* v. *Hale,* 3 W. Va. 495; *Bank* v. *Lewis County,* 28 W. Va. 273; *Insurance Co.* v. *Railroad Co.,* 33 W. Va. 761; *Earl* v. *Wilkinson,* 9 Grat. 69; and 3 Rob. Pr.

(New) 64 and 65.    The character of the declaration, its allega-
tions, must determine the· capacity in which a party sues, or is
sued; and the allegations in plaintiff's declaration show that de-
fendants are sued in a personal, and not in an official capacity.

It may be that there was a misjoinder, or a nonjoinder, of
defendants.    If there was a nonjoinder it does not appear from
the declaration, and it could only have been taken advantage of
by a plea in abatement, and none was interposed; and before
such a plea could avail it would have to show that the person
who ought to have been joined is a resident of the state.    Code
1906, chapter 25, section 17; 4 Min. Inst. (3rd ed.) pp. 757-758;
Hogg's Pl., section 214; *Rutter & Co.* v. *Sullivan,* 25 W. Va. 427.

The opinion of the lower court states that some of the de-
fendants were not trustees when plaintiff was employed.    But
whether they were or not, if they made no promise, express or
implied, to pay plaintiff they were not liable, and it was a mis-
joinder of defendants, fatal to the action; and this was sufficient
cause for a judgment in favor of all of the defendants.    1
Chitty Pl. 51.

Under the strict rule of common law pleading, where a joint
action on contract was brought against several defendants, a judg-
ment could be rendered only for, or against all, unless one of the
defendants was discharged by matter personal to himself, such
for instance as infancy, the marriage of a female contractor, or
a discharge in bankruptcy.    1 Chit. Pl. 52; *Jenkins* v. *Hurt's
Comm.,* 2 Rand. 446; *Taylor* v. *Beck,* 3 Rand 316; *Baber* v. *Cook,*
11 Leigh 606.    This rule has been modified both in England
and in many of the states of the Union by statute.    Section 19,
chapter 131, Code 1906, is intended to relax the common law
rule, but as to what extent it does so, there is diversity of opinion
and a conflict in the decisions.    The statute was first enacted in
the revisal of the Virginia code in 1849-1850.    It appears in
our code in almost the identical language in which it was first
enacted.    But the supreme court of Virginia has given it a
more liberal construction than this Court has done.    Compare
*Bush* v. *Campbell,* 26 Grat. 426-428; *Muse* v. *Bank,* 27 Grat.
252; and *Hoffman* v. *Bircher,* 22 W. Va. 537-552.    The statute
reads as follows, viz.: "In an action founded on contract, against
two or more defendants, although the plaintiff may be barred
as to one or more of them, yet he may have judgment against

any other or others of the defendants against whom he would have been entitled to recover, if he had sued them only, on the contract alleged in the declaration." Section 19, chapter 131, Code 1906.

Does this statute change the rule of the common law in case of a joint action against several defendants on an alleged joint promise, when the plea is joint, and the proof shows that all did not promise? Does not proof that one did not make the promise discharge all? Would not that fact establish a different cause of action, and constitute a fatal variance, not curable by amendment? It would, of course, be no variance to prove an alleged joint promise to be both joint and several, because there would be no inconsistency between the two. But if the promise is not proven as to all, does it not defeat the action as to all? How can it be said, in such case, that the plaintiff could have sued some of the defendants, and that he "would have been entitled to recover" against them; and if not, how can the statute be made to apply? The language does not embrace such a case. The defense in the present case does not appear by the pleas to have been personal to any one of the defendants; the pleas are joint. Still it was proper to prove under the joint plea of *non-assumpsit* that some one of the defendants had not promised; and would not the effect of such proof be the same as at the common law, and would it not be a discharge as to all the defendants? It would seem that such a variance is fatal to the cause of action, and cannot be cured by amendment. 1 Chit. Pl. 52; *Gibson* v. *Beveridge,* 90 Va. 696.

In the present case all the defendants were sued jointly, and all were before the court, and made joint defense. The evidence is not before us; if it were it might show a fatal variance between the declaration and the proof, for which the court would have been justified in rendering judgment for the defendants. Plaintiff cannot allege a joint promise and recover on proof of a promise as to some of the defendants only.

The record does not disclose any error and the judgment will be affirmed.

*Affirmed.*